SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
AMY MACLEAR (SBN: 215638)
amaclear@grsm.com
ERIC D. SENTLINGER (SBN: 215380)
esentlinger@grsm.com
VERNICE T. LOUIE (SBN: 225668)
vlouie@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3193
Facsimile: (415) 986-8054

Attorneys for Defendant
FCA US LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| ERIC BAKER, | CASE NO. |
|---|---|
| Plaintiff | **DEFENDANT FCA US LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** |
| vs. | |
| FCA US LLC; and DOES 1 through 20, inclusive, | Sup. Ct. Comp. Filed: September 8, 2020 |
| | Trial Date: None Set |
| Defendants. | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US LLC ("FCA"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 20CV370468 of the Superior Court of

California, County of Santa Clara. In support of this removal, FCA states as follows:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Santa Clara by Plaintiff Eric Baker ("Plaintiff'") against FCA, entitled *Eric Baker, et al. v. FCA US LLC, et al.*, Case No. 20CV370468 ("State Action"). The named Defendant is FCA US LLC ("FCA").

2. Plaintiff filed the State Action on September 8, 2020, asserting causes of action for breach of implied and express warranty under California's Song-Beverly Consumer Warranty Act, Cal. Civil Code §§ 1790-1795.5 ("Song-Beverly Act") against FCA. (*See* Complaint attached as **Exhibit A** to the Declaration of Eric D. Sentlinger filed concurrently herewith ["Sentlinger Decl."].)

## II. PROCEDURAL REQUIREMENTS

3. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). FCA received notice of this matter after it was served with a copy of the Complaint on September 17, 2020. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since September 17, 2020, has not elapsed. Accordingly, this Notice of Removal is therefore timely filed.

4. On the face of the Complaint, counsel for FCA was able to ascertain the amount in controversy. (Sentlinger Decl., ¶¶ 4 and 6.) In addition, based upon the Retail Installment Sales Contract, counsel for FCA was able to ascertain the amount in controversy exceeded $75,000. (Sentlinger Decl., ¶¶ 7-12 and **Exh. C**.)

5. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since September 17, 2020, has not elapsed.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhs. A-B and D-G** to the Sentlinger Decl., filed herewith.

-2-
DEFENDANT FCA US LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

7. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this district embraces the place in which the State Action has been pending.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Santa Clara promptly after filing of same in this Court.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of FCA's filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

10. If any question arises as to the propriety of the removal of this action, FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

## II. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

12. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332)

13. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement

DEFENDANT FCA US LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

14. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

15. FCA disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

16. In this case, Plaintiff seeks both monetary and equitable relief. Plaintiff alleges a violation of Cal. Civ. Code § 1793.22 (b)(3), a violation of Cal. Civ. Code § 1793.2 (b), a violation of Cal. Civ. Code § 1796, a violation of Cal. Civ. Code § 1796.5, and breach of express warranty (Cal. Civ. Code § 1792(a) and §1794). (*See* **Exh. A.**)

17. Plaintiff alleges that on or about May 24, 2019, Plaintiff purchased a 2019 Ram 1500 ("Subject Vehicle") with various alleged defects.[1] (**Exh. A** at ¶5.)

---

[1] Plaintiff alleges having taken the vehicle in for warranty repair on numerous occasions, four service visits to

-4-

DEFENDANT FCA US LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

18. Plaintiff alleges "[t]he amount in controversy exceeds $25,000, exclusive of interests and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. In addition, Plaintiff seeks damages from Defendants for incidental, consequential, exemplary, and actual damages, including interest, costs, and actual attorney fees." (**Exh. A** at ¶ 7.) Plaintiff also seeks relief "for all monies paid for the vehicle, including, but not limited to, the actual sales price, related taxes, licensing charges, and other associated fees[.]" (**Exh. A**, Prayer for Relief at 3:27-28.) Plaintiff seeks revocation/rescission "of the contract and requiring Defendants to refund all monies paid and payable to by Plaintiff[.]" (**Exh. A**, Prayer for Relief at 4:12-14.) Plaintiff also seeks a "civil penalty" pursuant to his Song-Beverly Consumer Warranty Act causes of action. (**Exh. A**, Prayer for Relief at 4:8.) Civil penalties in Song-Beverly actions may be granted in an amount equal to two times a Plaintiff's actual damages. (CCP §1794, subdivision (c) or (e).)

19. Plaintiff's prayer includes the following: actual damages; consequential and incidental damages; restitution; civil penalty (which is defined as an amount of up to two times Plaintiff's actual damages, pursuant to Civil Code section 1794, subdivision (c) or (e)); costs of the suit and expenses and Plaintiff's actual attorneys' fees reasonably incurred (pursuant to Civil Code section 1794, subdivision (d)); for exemplary damages; prejudgment interest at the legal rate; and other relief as the Court may deem proper. (**Exh. A**, Prayer for Relief at 3:28-4:19.)

20. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

---

attempt to repair "a whistling noise in cabin." (**Exh. A** at ¶6.) Plaintiff alleges that FCA breached express warranties made to Plaintiff by "failing to perform the proper repairs, part replacements or adjustments" necessary to conform to said warranties. (**Exh. A** at ¶13.)

-5-
DEFENDANT FCA US LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

21. The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

22. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

23. The Song-Beverly Act allows for the recovery of attorney's fees, which commonly exceed $35,000. (*See* Declaration of Spencer P. Hugret ["Hugret Decl."], ¶ 5, filed concurrently herewith).

24. If Plaintiff were to prevail on his Song-Beverly Act claims, he could be awarded damages of $75,000.00 or more if awarded statutory civil penalties. Pursuant to his Complaint, Plaintiff seeks damages in an amount that exceeds $25,000 plus a two times civil penalty that on its own would rise above the $75,000 amount in controversy threshold. (Sentlinger Decl. ¶ 6.) In addition, even before taking attorney's fees into account, Plaintiff's actual damages of $67,302.53 (i.e., the actual price of their vehicle of $67,302.53 plus $134,605.06) as a two times civil penalty pursuant to the Song-Beverly Act, totals $201,907.59 (Hugret Decl., ¶¶ 5; Sentlinger Decl. ¶¶7-12)

25. Thus, the total amount in controversy exceeds $75,000.00, even before adding Plaintiff's claim for attorney's fees. The amount in controversy is satisfied. (Hugret Decl., ¶¶ 5-6; Sentlinger Decl. ¶¶ 4 and 6-12, **Exh. C**, Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

### III.   DIVERSITY OF CITIZENSHIP EXISTS

26. FCA is informed and believes, and on that basis alleges, that Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of the city

-6-
DEFENDANT FCA US LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

of Antioch, in Contra Costa County in the State of California for purposes of diversity jurisdiction. (**Exh. A,** ¶ 1 (establishing that Plaintiff resides in California); *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary).

27. FCA is not a citizen of California for purposes of diversity jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ["An LLC is a citizen of every state of which its owners/member are citizens."].

28. FCA is a limited liability company and its sole member is FCA North America Holdings LLC, also a limited liability company, and the sole member of FCA North America Holdings LLC is Fiat Chrysler Automobiles N.V., a public company incorporated under the laws of the Netherlands and its principal place of business is London, United Kingdom. (*See* **Exhs. H, I, J** to Sentlinger Decl., ¶¶ 19-21; FCA's Corporate Disclosure Statement filed concurrently herewith; *see also* Fed. R. Evid. 201(b)(2) [courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."]; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ["the Court may properly take judicial notice of the SEC filings as public records of undisputed authenticity."]).

29. Because FCA is a limited liability company, and because its ultimate owner is a foreign corporation formed under the laws of the Netherlands, FCA is not considered a citizen of California for purposes of diversity jurisdiction.

30. Accordingly, complete diversity exists between Plaintiff and FCA, for purposes of 28 U.S.C. § 1332 jurisdiction.

## III. <u>CONCLUSION</u>

31.     Consequently, the State Action may be removed to this Court by FCA in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: October 19, 2020                 Respectfully submitted,

*/s/ Spencer P. Hugret*
SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
AMY MACLEAR (SBN: 215638)
amaclear@grsm.com
ERIC D. SENTLINGER (SBN: 215380)
esentlinger@grsm.com
VERNICE LOUIE (SBN: 225668)
vlouie@grsm.com
*Attorneys for Defendant*
FCA US LLC